**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| APRIL M. VEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-14- 760-F |
| ) | Civil Rights Action |
| THE CITY OF HOLLIS, OKLAHOMA, ) | Arising In Harmon County |
| a municipality, and ) | |
| ) | JURY TRIAL DEMANDED |
| WILLIAM BROGDEN, individually, ) | |
| ) | |
| Defendants. ) | |

### COMPLAINT

**COMES NOW THE PLAINTIFF**, and for hers cause of action herein alleges and states as follows:

### PARTIES

1. The Plaintiff is April M. Vest, an adult female.

2. The Defendants are:

    A. The City of Hollis, Oklahoma, a municipality located in Harmon County, Oklahoma, and

    B. William Brogden, a adult resident of Harmon County, who is sued individually.

### JURISDICTION AND VENUE

3. This is a cause of action for injury to Plaintiff's rights under Title VII and the Oklahoma Anti-Discrimination Act (OADA), to be free of sexual harassment and discrimination, which is also made actionable under the Fourteenth Amendment as to state actors. Plaintiff also brings a right for violation of her rights of free speech and petition as protected by the First Amendment and by the Oklahoma Constitution art. 2, sec. 22. The First and Fourteenth Amendment rights are made actionable 42 U.S.C. § 1983. Jurisdiction is

1

vested over such action pursuant 28 U.S.C. §§ 1331, 1343(a)(3).

4. Defendants are located in Harmon County, and all acts complained of occurred in Harmon County. Harmon County is located within the Western District for the United States District Courts of Oklahoma, wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. Plaintiff was an adult employee of the City of Hollis as a dispatcher from approximately September 2012 until her involuntary termination in late June, 2013.

6. The City of Hollis is an employer which had at least fifteen (15) employees during each of twenty (20) weeks for 2012, 2013 and so far this year in 2014.

7. The Plaintiff was qualified for her position, and was satisfactorily performing her job at the time of her termination.

8. The Plaintiff was being harassed and complained of being harassed by the Assistant Chief of Police William Brogden.

9. The harassment was sufficiently severe and threatening that the Plaintiff was forced to file a judicial request for entry of a protective order against Brogden.

10. After Plaintiff's complaints and the filing of the protective order, the Plaintiff was called into a meeting by the Hollis Chief of Police David Leathers, where he required the Plaintiff to "resign" her position. The night prior to Plaintiff being called into the meeting, the Assistant Chief and her harasser told her that she would have to meet the Chief of Police and him the following day. He said that he (the Assistant Chief) could not fire her, but he could see to it that she was fired. The following day, the Plaintiff met with Chief Leather around 9:30 a.m. Plaintiff selected this time so that the Assistant Chief would not be present. At the meeting, the Chief said that he and Assistant Chief had decided it would be better if Plaintiff resigned her position. Plaintiff stated she did not

want to resign. The Chief said that Plaintiff could either resign or she would be fired. Based upon this, Plaintiff had no choice but to resign her position.

11. After Plaintiff was terminated, her position continued to exist and was filled by persons who had not been sexually harassed, complained of sexual harassment, or filed a protective order against the Assistant Chief.

12. The Plaintiff filed an intake form which specifically asked that the form be treated as a charge of discrimination, which was received by the EEOC within three hundred days of her termination. This was perfected as a charge of discrimination by a formal Form 5 executed by the Plaintiff. Thereafter, the EEOC issued her right to sue letter on or about April 25, 2014, which was received thereafter. This action is timely brought within ninety (90) days of receipt of the right to sue letter. By these means, the Plaintiff has exhausted all of her administrative requirements under Title VII.

## COUNT I

For this cause of action, Plaintiff incorporates all prior allegations and further states:

13. This count arises under Title VII of the Civil Rights Act of 1964 and goes solely to the City of Hollis.

14. In January 2013, Assistant Chief Brogden started sexually harassing the Plaintiff:

   A. Around January 17, 2013, Officer Brogden came up from behind the Plaintiff and placed his hand on her shoulder. When Plaintiff asked if there was something she could help him with, he ran his hand down and across her breasts before walking out.

   B. After the incident of unwelcome touching, approximately three-five times a week Officer Brogden would make sexual comments about Plaintiff to employees as well as jail inmates. Such comments include, but are not limited, wanting her to "show some skin", to "bend her

over" and "have his way with her".

C. Around February 2013, Assistant Chief Brogden began driving by the Plaintiff's house and/or stopping his car across the street, watching the Plaintiff, and making comments to neighbors about who came to Plaintiff's house. This would occur about three nights a week.

D. Starting around March 2013, Brogden would go to Plaintiff's home, uninvited and unannounced, and either knock on the door or walk in and make comments to her such as his desires to "bend her over the front porch" and "do her right".

15. These actions created an abusive and hostile work environment which caused the Plaintiff to be fearful on a daily basis in going to work.

16. Plaintiff complained about the sexual harassment to the City Attorney Jim Moore, the City Manager Bob Copeland, the Chief of Police Leathers and Sheriff Joe Johnson. Plaintiff's first complaint was to the City Attorney Jim Moore around January/February 2013. Plaintiff went to the Chief of Police and Bob Copeland during the period between January and March 2013, and complained approximately three to five times apiece. These complaints also reported the comments made about inmates. No corrective action was taken.

17. Such actions created a hostile work environment based on sexual harassment and culminating in Plaintiff's termination.

18. As the direct result of such actions, Plaintiff has suffered lost wages and benefits, substantial harm in the form of worry, fear, humiliation and similar emotions for which she is entitled to compensation.

## COUNT II

For this cause of action, Plaintiff incorporates all prior allegations and further states:

19. Brogden's actions, above described, created a gender-based hostile work environment and a discriminatory discharge, which is a violation of the

Fourteenth Amendment made actionable by the 42 U.S.C. § 1983.

20. Brogden's actions were taken under the color of his authority and color of law such that Brogden is a state actor.

21. The City of Hollis is liable for the conduct of its Assistant Chief of Police because its conduct in the face of numerous complaints by the Plaintiff, and in the face of wide-spread and pervasive harassment of which it had knowledge, constituted an official policy of either acquiescing in such acts, or engaging in deliberate indifference with reference to such acts that the City itself is liable for such actions.

22. Plaintiff's damages under this Count are the same as set out in Count I.

23. As to Defendant Brogden individually, Plaintiff seeks an award of punitive damages based on the willful and egregious nature of his conduct.

## COUNT III

For this cause of action Plaintiff incorporates all prior allegations and further states:

24. After Plaintiff's termination, Brogden would give the Plaintiff a bad reference in all of her efforts to secure further employment.

25. Brogden followed the Plaintiff when she was in town and recruited Plaintiff's ex-husband to cause trouble for the Plaintiff. On July 13, 2013, Brogden caused a complaint to be filed in the divorce case falsely accusing Plaintiff of abusing her children, and he contacted DHS with a complaint. Such complaints were unfounded and determined to be without merit.

26. Such comments and conduct continued and intensified until the Plaintiff found it necessary to seek a protective order against Brogden. The protective order was sought in April 2014.

27. After the protective order was sought, Plaintiff's car was "keyed" with the words "back off bitch", and Plaintiff started receiving threatening phone calls by a male saying, "back off Brogden or you will lose your life." There were

nine or more of such calls. One call impliedly threatened Plaintiff's children saying she 'had pretty boys, when could get in to see the boys.'

28. Plaintiff's speech and access to the Courts is private speech as an individual and protected by the First Amendment of the United States Constitution and made actionable by 42 U.S.C. § 1983.

29. The retaliation for such actions is a violation of Plaintiff's First Amendment rights as a citizen, and caused the Plaintiff extreme emotional distress for which she is entitled to compensation.

30. Because of the willful and malicious nature of such actions, Plaintiff is entitled to recover an award of punitive damages.

## **PRAYER**

**COMES NOW THE PLAINTIFF** and prays that this Court enter judgment in favor of the Plaintiff and against the Defendants, and award compensatory damages, punitive damages against Brogden individually, together with any appropriate equitable relief, pre- and postjudgment interest, costs and attorney's fees.

**RESPECTFULLY SUBMITTED** THIS 18th DAY OF JULY 2014.

s/ Mark Hammons
HAMMONS, GOWENS, HURST & ASSOC
Mark Hammons OBA # 37873
325 Dean A. McGee
OKLAHOMA CITY, OK 73102
Ph:   (405) 235-6100
Fax:  (405) 235-6111
Email:   mark@hammonslaw.com
JURY TRIAL DEMANDED